IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FENG XIAOMEI,          ) | |
|     Plaintiff,     ) | |
|                    ) | |
|     v.           ) | Case No. 1:23-cv-268 |
|                    ) | |
| KAIPING MAFA TRADING CO., LTD., ) | |
|     Defendant.     ) | |

**ORDER**

On November 7, 2023, United States Magistrate Judge William E. Fitzpatrick entered a Report and Recommendation in this case, recommending that default judgment be entered in favor of Plaintiff Feng Xiaomei and against Defendant Kaiping MAFA Trading Co., Ltd. on Plaintiff's Complaint.

Upon consideration of the record and Judge Fitzpatrick's Report, to which no objections have been filed, and having found no clear error,[1] the Court **ADOPTS**, as its own, the report and recommendation of the United States Magistrate Judge. (Dkt. 21). Specifically, the Court **FINDS** (i) that Plaintiff is the senior user and owns prior rights in the DGSL mark and (ii) that Defendant's DGSL mark is likely to cause confusion with Plaintiff's mark within the meaning of 15 U.S.C. § 1125(a).

Accordingly,

It is hereby **ORDERED** that Plaintiff's motion for default judgment (Dkt. 16) is **GRANTED**.

---

1  In the absence of any objections to a magistrate judge's report, a court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

It is further **ORDERED** that default judgment is **ENTERED** in favor of Plaintiff and against Defendant on the Complaint.

It is further **ORDERED** that the decision of the Trademark Trial and Appeals Board ("TTAB") in *Feng Xiaomei v. Kaiping MAFA Trading Co., Ltd.*, Opp. No. 91267993 (T.T.A.B. Dec. 29, 2022) is **VACATED**.

It is further **ORDERED** that the issue of registration is **REMANDED** to the TTAB for further proceedings not inconsistent with this Order and the Magistrate Judge's Report and Recommendation (Dkt. 21).

It is further **ORDERED** that Defendant, together with its employees, agents, partners, officers, directors, owners, shareholders, members, principals, subsidiaries, affiliates, branches, and all persons in active concert with any of the foregoing, are **ENJOINED** from taking the following acts: (i) using, registering, or seeking to register the DGSL mark (or any other mark, logo, design, designation, product title, or indicator confusingly similar to and/or dilutive of the DGSL mark) in any form; (ii) representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant is or are associated, connected, or affiliated with, or sponsored by, Plaintiff in any way; (iii) using any online marketplace such as bowsen.net, aliexpress.com, or amazon.com for the promotion, advertisement, distribution, offering for sale, or sale of goods in connection with the DGSL mark; or (iv) assisting, aiding, or abetting any other person or entity in performing or engaging in any of the activities referred to above.

It is further **ORDERED** that it is **DECLARED**, pursuant to Rule 57, Fed. R. Civ. P., and 28 U.S.C. § 2201(a), that (i) Plaintiff owns nationwide common law trademark rights in the word mark DGSL in connection with Plaintiff's products from at least as early as December 4, 2018;

(ii) Defendant's use of and application to register the DGSL mark in connection with Defendant's goods infringe upon Plaintiff's DGSL mark and constitute unfair competition and false designation of goods under 15 U.S.C. § 1125(a); and (iii) Defendant's use of the DGSL mark in connection with Defendant's goods infringes upon Plaintiff's DGSL mark and constitutes unfair competition under the common law of the Commonwealth of Virginia.

It is further **ORDERED** that Plaintiff's request to recover Defendant's profits is **DEEMED WITHDRAWN**.

It is further **ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED**.

The Clerk of the Court is directed to enter Rule 58 judgment against Defendant and in favor of Plaintiff. The Clerk is further directed to provide a copy of this Order to all counsel of record, to Defendant's last known address of record, and to place this matter among the ended causes.

Alexandria, Virginia
December 11, 2023

_____
T. S. Ellis, III
United States District Judge